UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | DOCKET NO.: 1:16-CR-00150-MR-DLH |
| v. | ) | |
| | ) | **FACTUAL BASIS** |
| ANTHONY JASON SHELL | ) | |
| | ) | |

NOW COMES the United States of America, by and through Jill Westmoreland Rose, United States Attorney for the Western District of North Carolina, and hereby files this Factual Basis in support of the plea agreement simultaneously filed in this matter.

This Factual Basis does not attempt to set forth all of the facts known to the United States at this time. This Factual Basis is not a statement of the defendant, and, at this time, the defendant may not have provided information to the United States about the offenses to which the defendant is pleading guilty, or the defendant's relevant conduct, if any.

By their signatures below, the parties expressly agree that there is a factual basis for the guilty plea(s) that the defendant will tender. The parties also agree that this Factual Basis may, but need not, be used by the United States Probation Office and the Court in determining the applicable advisory guideline range under the *United States Sentencing Guidelines* or the appropriate sentence under 18 U.S.C. § 3553(a). The defendant agrees not to object to any fact set forth below being used by the Court or the United States Probation Office to determine the applicable advisory guideline range or the appropriate sentence under 18 U.S.C. § 3553(a) unless the defendant's right to object to such particular fact is explicitly reserved below. The parties' agreement does not preclude either party from hereafter presenting the Court with additional facts which do not contradict facts to which the parties have agreed not to object and which are relevant to the Court's guideline computations, to 18 U.S.C. § 3553 factors, or to the Court's overall sentencing decision.

1.      The defendant, Anthony Jason SHELL, who was 31 years old at the time of the offense conduct, began exchanging text messages with a minor child, T.H, who was at the time 14 years old, some time in August, 2014. These text messages came to light on September 8, 2014, when they were discovered by the minor child's parents. The mother of T.H. surrendered the minor child's cell phone and gave the Cherokee Indian Police Department permission to retrieve any data stored on it. She indicated that there were numerous text exchanges between T.H. and Anthony Jason SHELL of a sexual nature.

2.      Detectives with the CIPD reviewed the messages. They spanned a time period beginning in August 31 until September 8, 2014. In the text messages Anthony Jason SHELL makes increasingly more intimate and explicit statements to T.H. Some of the first text message reference SHELL's desire to give a hickie to T.H., and asking her how she would conceal it. He

expressed his desire to be with her. He refered to her as having a "sexy ass". The two exchanged texts discussing potentially having children. He told her he wanted to hold her and that he loved her.

3.      In a text received September 1, 2014 at 10:33 PM SHELL expressed a knowledge that T.H. was not yet 18 years old, and suggests that it would be 3 years before she turned 18. T.H. expressed concern that her father would be angry if he became aware of the relationship and the age difference. SHELL again made reference to a knowledge that T.H. is underaged in an exchange on September 2. There is a lengthy exchange of texts where SHELL expressed concern that T.H's father was asking about his age, and he told her that he was 30 years old and asked if that was too old for her.

4.      In an exchange that began at 6:45 on September 2, 2014, SHELL asked if he would be able to see T.H. alone that weekend because he wanted to "tap that ass". T.H. asked if he wanted to talk or to "do things that make babys" and SHELL responded that he wanted to do both but "ill pull out before I do something."

5.      T.H. was taken to Mission Children's Hospital for a child medical exam ("CME") on September 12, 2014, and was interviewed by a forensic nurse examiner. She disclosed she had sexual intercourse with Anthony Jason SHELL that prior weekend, late Friday night (September 5, 2014) or arly Saturday morning (September 6, 2014) while they were on a hunting trip. She indicated that she had been a virgin prior, and that there was no oral sex. They had unprotected sex in his truck on Dobson Ridge Road, and she claimed she initiated the sex.

6.      These text messages involved the use of a computer or an interactive computer service to persuade, induce, or entice a minor to engage in prohibited sexual conduct.

7.      At the time of the sexual activity the defendant, Anthony Jason SHELL, was at least 10 years older than the minor T.H., creating a presumption of undue influence because of the substantial difference in age between the defendant and the minor.

JILL WESTMORELAND ROSE

UNITED STATES ATTORNEY

_____
JUSTIN EASON
SPECIAL ASSISTANT UNITED STATES ATTORNEY


### Defendant's Counsel's Signature and Acknowledgment

I have read this Factual Basis and the Bill of Indictment, and the Plea Agreement in this case, and have discussed them with the defendant. Based on those discussions, I am satisfied that the defendant understands the Factual Basis, the Bill of Indictment, and the Plea Agreement. I hereby certify that the defendant does not dispute this Factual Basis with the exception of those facts to which I have specifically reserved the right to object, and understands that it may be used for the purposes stated above.

_____          DATED: 4/18/17
Emily M. Jones, Attorney for Defendant

3