# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:16 CR 150

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Vs. ) | ORDER |
| ) | |
| ANTHONY JASON SHELL. ) | |
| ) | |
| _____ ) | |

**THIS CAUSE** came on to be heard and being heard before the undersigned at the close of a Rule 11 proceeding that was held before this Court on April 21, 2017. It appearing to the Court at the call of this matter on for hearing the Defendant was present with his counsel, Emily M. Jones and the Government was present and represented through AUSA Tom Kent. From the arguments of counsel for the Defendant and the arguments of the Assistant United States Attorney and the records in this cause, the Court makes the following findings:

**Findings.** On December 6, 2016 a bill of indictment (#1) was issued charging the Defendant in count one with engaging and attempting to engage in a sexual act with another person who had attained the age of 12 years but had not attained 16 years of age and who was at least four years younger than Defendant, in violation of 18 U.S.C. § 2243(a) and in count two Defendant was charged with

1

attempting to persuade, induce, entice, and coerce, an individual whom he believed to not yet have attained the age of 18 years to engage in sexual activity, in violation of 18 U.S.C. § 2422(b).  On April 21, 2017, the undersigned held an inquiry, pursuant to Rule 11 of the Federal Rules of Criminal Procedure and accepted a plea of guilty of Defendant to the charge contained in count one. At the end of the Rule 11 proceeding, this Court presented the issue of whether or not Defendant should now be detained, pursuant to 18 U.S.C. § 3143(a)(2).

**Discussion.** 18 U.S.C. § 3143(a)(2) provides as follows:

(2) The judicial officer shall order that a person who has been found guilty of an offense in a case described in subparagraph (A), (B), or (C) of subsection (f)(1) of section 3142 and is awaiting imposition or execution of sentence be detained unless ----

   (A)(i) the judicial officer finds there is a substantial likelihood that a motion for acquittal or new trial will be granted; or

   (ii) an attorney for the Government has recommended that no sentence of imprisonment be imposed on the person; or

   (B) the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community.

From an examination of the records in this cause, it appears that Defendant has now entered a plea of guilty to a violation of 18 U.S.C. § 2243(a) which is considered to be a crime of violence as provided by 18 U.S.C. § 3142(f)(1)(A).

The undersigned made an inquiry of AUSA Tom Kent as to whether or not

there is going to be a recommendation that no sentence of imprisonment be imposed upon Defendant. Mr. Kent advised the Court that such a recommendation could not be made in this matter. As a result of the plea of guilty, the undersigned cannot find there is a substantial likelihood that a motion for acquittal or new trial will be granted.

As a result of the foregoing, the undersigned is of the opinion that the Court should apply the factors as set forth under 18 U.S.C. § 3143(a)(2) which mandate the detention of Defendant.

**ORDER**

**IT IS, THEREFORE, ORDERED**, that the terms and conditions of pretrial release (#7) in this matter are hereby revoked and it is ORDERED that Defendant be detained pending further proceedings in this matter.

Signed: April 24, 2017

Dennis L. Howell
United States Magistrate Judge